APPENDIX XI-A(1)
SUMMONS AND RETURN OF SERVICE



### THE SUPERIOR COURT OF NEW JERSEY
Law Division, Special Civil Part

### SUMMONS

**YOU ARE BEING SUED!**
IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. You are cautioned that if you do not answer the complaint, you may lose the case automatically, and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $15 filing fee with your answer and send a copy of the answer to the plaintiff's lawyer or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done within 35 days (including weekends) from the date you were "served" (sent the complaint). That date is noted on the next page.

AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. You do not have to do this unless you want to. This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35-day period for filing an answer unless a written agreement is reached and filed with the court.

AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at 201-487-2166____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 201-488-0044____.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

La traducción al español se encuentra al dorso de esta página.

Effective 9/2002

_Kathleen Andia Stefano_
Clerk of the Special Civil Part

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

Plaintiff or Plaintiff's Attorney Information:
LAW OFFICE OF CHRISTOPHER BRUSCHI
1479 ROUTE 23 SOUTH, SUITE 207 - PO BOX 2097
Wayne, NJ 07474-2097
Attorney for Plaintiff
973-686-3900
FILE #: 100119

Demand Amount: $3,800.00
Filing Fee: $66.00
Attorney's Fee: $91.00
TOTAL: $3,957.00

Janet Cole

Plaintiff

-vs-

GE Money Bank and
Zwicker & Associates, P.C.

Defendants

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
SPECIAL CIVIL PART
BERGEN COUNTY

10 Main Street
Hackensack, NJ 07601

Docket No: DC-032689-10

Civil Action
*SUMMONS*

(Circle one): Contract or **Tort**

RECEIVED 2011 OCT 15 PM 2:54 BERGEN COUNTY SPECIAL CIVIL PART

Defendant(s) Information: Name, Address & Phone

GE Money Bank, 170 West Election Drive, Suite 125, Draper, UT 84020
ZWICKER + ASSOCIATES P.C. 80 MINUTEMAN ROAD
Phone number (if known): ANDOVER, MA 01810  800-370-2251

Date Served: 11/04/2010

RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____  Date: _____  Time: _____
WM___ WF___ BM___ BF___ OTHER___ HT___ WT___ AGE___ MUSTACHE___ BEARD___ GLASSES___
NAME: _____ RELATIONSHIP: _____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____ Court Officer

RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Jennifer Kalokitis, hereby certify that on 11/04/2010, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

*Jennifer Kalokitis*
DS

_____
Employee Signature

FILED Nov 03, 2010

LAW OFFICE OF CHRISTOPHER BRUSCHI
1479 ROUTE 23 SOUTH, SUITE 207 - PO BOX 2097
Wayne, NJ 07474-2097
973-686-3900
Attorney for Plaintiff
File #: 100119

RECEIVED

2011 OCT 15 PM 2:54

BERGEN COUNTY
SPECIAL CIVIL PART

Date Filed 10/19/10
Payment # 11047F1197
CA CK CC MO CG
Amount 57r9-66
Payor Bruschi
Batch/Ref/Case # 504

Janet Cole

Plaintiff

-vs-

GE Money Bank and
Zwicker & Associates, P.C.

Defendants

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: SPECIAL CIVIL PART
BERGEN COUNTY

DOCKET NO: DC- DC-032689-10

**CIVIL ACTION**

*Complaint*

## INTRODUCTION

1. Plaintiff, Janet Cole (hereinafter, "Cole"), brings this action for damages arising from violations of section 1692 et. seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (hereinafter, "FDCPA"), by the Defendant, Zwicker & Associates, P.C. (hereinafter, "Zwicker"). Plaintiff, Janet Cole, also brings this action for damages arising from violations of N.J.S.A. 56:8-1 et seq., the New Jersey Consumer Fraud Act, by the Defendant GE Money Bank (hereinafter, "GE").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. 1692 et seq. pursuant to 15 U.S.C. 1692(k)(d).

3. Venue in this action properly lies in Bergen County.

## PARTIES

4. Cole, who resides in Lodi, New Jersey, is a consumer as she is natural person allegedly obligated to pay a debt, in which the goods or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

5. The debt alleged to be owed by Cole is a consumer debt and is founded upon a consumer debt.

6. GE Money Bank maintains its principal offices at 170 West Election Drive, Suite 125, Draper, UT 84020.

7. Zwicker & Associates, P.C., which maintains its principal offices at 80 Minuteman Road, Andover, MA 01810, is a debt collector within the scope of the definition contained in 15 U.S.C. 1692 (a)(6) and interpretations thereof.

8. The principal purpose of Zwicker's business is the collection of debts using the mails and telephone.

9. Zwicker regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another.

10. Zwicker regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

11. Zwicker uses the mail or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

## ALLEGATIONS OF FACT

Plaintiff, Janet Cole, appearing through her attorney, Christopher Bruschi, Esq., by way of Complaint, says:

12. Cole maintained a credit card account (hereinafter "Account") with GE Money Bank.

13. The Account was used primarily for personal, family or household purposes.

14. By October 2009, GE had forwarded Cole's Account to a debt collection agency, Zwicker & Associates, P.C. (hereinafter, "Zwicker"), for purposes of collecting thereon.

15. On or about October 17, 2009, Zwicker, acting on behalf and with the authority of GE, sent a letter to Cole, wherein it agreed to accept $1,223.96 as settlement in full, provided that payment was received by Zwicker on or before October 23, 2009.

16. On October 23, 2009, Cole's attorney, The Mossler Law Firm, P.C., paid by check-by-phone to "John Flynn" of Zwicker the sum of $1,223.95 as Settlement in Full, such sum being accepted by Mr. Flynn as Settlement in Full, and thereby bringing the outstanding balance to $0.00.

17. Notwithstanding the fact that Cole's Account had now been settled and that GE, through its authorized representative, had been paid as per oral agreement, GE failed to honor the settlement agreement.

18. Instead, GE continued to engage in debt collection efforts against Cole, including retaining Cole's Account with Zwicker for further debt collection activity.

19. Such actions by GE constitute misleading, deceptive, and unconscionable commercial practices.

20. After GE received payment on Cole's Account, GE failed to withdraw the Account from Zwicker, even though Cole did not have any indebtedness to GE.

21. As a result of GE's actions and inactions, Zwicker was permitted to engage in additional debt collection efforts against Cole, notwithstanding the fact that Cole did not owe any money on the Account.

22. Zwicker's subsequent debt collection efforts included sending a letter to Cole's attorney on or about June 22, 2010, stating that Cole owed a balance of $815.97 on the Account.

23. Zwicker engaged in misleading and deceptive practices in representing to Cole and her attorney that it would accept $1,223.95 as Settlement in Full, when in fact it did not settle the

debt, as evidenced by its subsequent debt collection attempts.

24. Furthermore, Zwicker engaged in unfair and unconscionable practices in representing to Smith that it would accept $1,223.95 as Settlement in Full, when in fact it did not settle the debt, as evidenced by its subsequent debt collection attempts.

25. After Zwicker received Cole's settlement payment, Cole did not owe any balance on the Account.

26. Therefore, when Zwicker attempted to collect on Cole's account subsequent to receiving said payment, it misrepresented the amount and legal status of Cole's alleged debt.

27. Furthermore, Zwicker engaged in unfair and unconscionable practices in attempting to collect an amount not expressly permitted by law or authorized by the agreement between Cole and the creditor, as modified by the Zwicker.

28. The actions described herein by Zwicker constitute misleading, deceptive, and unconscionable commercial practices.

29. Zwicker engaged in debt collection efforts against Cole knowing that Cole did not in fact owe any money on said Account and knowing that the alleged debt was not one in which Zwicker could legally attempt to collect.

30. Zwicker did not maintain procedures reasonably adapted to ensure that its actions complied with the Fair Debt Collection Practices Act.

31. Zwicker did not maintain procedures reasonably adapted to ensure that the amount asserted to be due and owing on Cole's account was in fact correct or due and owing.

32. Zwicker did not maintain procedures reasonably adapted to ensure that the amount asserted to be due and owing on Cole's account was permitted by law or authorized by agreement.

33. Zwicker knew or should have known that its actions violated the FDCPA.

34. Zwicker could have taken the steps necessary to bring its actions within compliance of the

FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

35. As a result of the actions of the defendants named herein, Cole has suffered actual damages.

## FIRST COUNT
### (Fair Debt Collection Practices Act)

36. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

37. Defendant Zwicker violated 15 U.S.C. 1692 et seq. in connection with its attempts to collect a debt against plaintiff.

38. Defendant Zwicker violated 15 U.S.C. 1692e by falsely representing the existence and/or enforceability of the settlement of Cole's account.

39. Defendant Zwicker violated 15 U.S.C. 1692f by utilizing unfair and unconscionable means to collect a debt; to wit, falsely representing the existence and/or enforceability of the settlement of Cole's account, causing Cole's attorney to make payment thereon.

40. Defendant Zwicker violated 15 U.S.C. 1692e and 1692e(2) by falsely representing the amount and legal status of the debt.

41. Defendants Zwicker violated 15 U.S.C. 1692e and 1692e(5) by threatening to take any action that could not legally be taken.

42. Defendant Zwicker violated 15 U.S.C. 1692f(1) by attempting to collect an amount not expressly authorized by the contract and/or agreement between the parties or expressly permitted by law, thereby utilizing an unfair and unconscionable means to collect a debt.

**WHEREFORE**, Plaintiff, Janet Cole, demands Judgment against the Defendant Zwicker & Associates, P.C., as follows:

1. For actual damages;

2. For maximum statutory damages under the FDCPA;

3. For reasonable attorney's fees and costs of suit in connection with this action, pursuant to 15 U.S.C. §1692 k(a)(3);

4. For pre-judgment and post-judgment interest; and

5. For such other and further relief as plaintiff may be entitled or as the Court deems equitable and just.

## SECOND COUNT
### (Consumer Fraud Act)

43. Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

44. Defendant GE has engaged in unconscionable practices, deception, fraud, false promises, false pretense and/or misrepresentations in its interactions with Plaintiff and other third parties, in violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.) (hereinafter, "CFA").

45. Defendant GE violated the CFA by affirmatively misrepresenting the legal amount and status of the alleged debt.

46. Defendant GE violated the CFA by threatening to take an action that could not legally be taken – i.e., the attempted collection of an alleged debt and the retaining of an account with a third party debt collector when no money was due and owing.

47. Defendant GE violated the CFA by attempting to collect an amount not expressly permitted by law or authorized by contract.

48. Each of the aforementioned allegations set forth above constitutes an unconscionable commercial practice and therefore a violation of the CFA.

49. Defendant GE engaged in a deceptive act by retaining Cole's Account with Zwicker after it received the settlement payment, thereby representing to Zwicker and to Cole that there remained an outstanding balance due on Cole's account when in fact same had been fully settled.

50. Defendant GE misrepresented the amount and status of Cole's account when it retained same with Zwicker after it received the settlement payment.

51. Defendant GE's retaining of Cole's account with a third-party when same had been settled in full constitutes an unconscionable commercial practice.

52. Defendant GE's actions described herein constitute the use of an unconscionable commercial practice, deception, and misrepresentation in connection with the sale and advertisement of goods and services and with the subsequent performance thereof, in violation of the CFA.

**WHEREFORE**, Plaintiff, Janet Cole, demands Judgment against the Defendant GE, as follows:

1. For injunctive relief prohibiting defendant from engaging in any future violations of the New Jersey Consumer Fraud Act;
2. For declaratory judgment against the defendant;
3. For actual damages;
4. For treble damages pursuant to N.J.S.A. 56:8-19;
5. For reasonable attorney's fees and costs of suit in connection with this action;
6. For pre-judgment and post-judgment interest; and
7. For such other and further relief as plaintiff may be entitled or as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Christopher Bruschi, Esq., is designated as trial counsel for the plaintiff in this matter.

## CERTIFICATION PURSUANT TO R. 4:5-1(b)(2)

Pursuant to Rule 4:5-1(b)(2), it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: October 13, 2010

By: Christopher Bruschi, Esq.
Attorney for Plaintiff

**LAW OFFICE OF CHRISTOPHER BRUSCHI**
1479 ROUTE 23 SOUTH, SUITE 207 - PO BOX 2097
Wayne, NJ 07474-2097
973-686-3900
Attorney for Plaintiff
File #: 100119

| | |
|---|---|
| Janet Cole<br><br>Plaintiff<br><br>-vs-<br><br>GE Money Bank and<br>Zwicker & Associates, P.C.<br><br>Defendants | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: SPECIAL CIVIL PART**<br>BERGEN COUNTY<br><br>DOCKET NO: DC-<br><br>**CIVIL ACTION**<br><br>*Certification of Diligent Inquiry* |

I, Christopher Bruschi, Esq., attorney for the plaintiff, certify that:

1. I am an attorney at law, licensed to practice in all of the courts of this state, and I am entrusted with the conduct of this action.

2. This certification of diligent inquiry is being submitted pursuant to R. 4:4-4(b)(1).

3. On August 30, 2010, and on October 12, 2010, plaintiff's attorney mailed a notice in the form and manner prescribed by R. 4:4-5(c)(2) to GE Money Bank and Zwicker & Associates, P.C., respectively, at their last known business addresses.

4. In the letter, plaintiff's attorney stated an action has been or is about to be commenced against the individuals and/or entities inquired for, and that the object of the inquiry was to give notice of the action in order that the individuals and/or entities may appear and defend it.

5. To date, the defendants have not indicated that they in fact reside, or maintain an office or registered agent, within the State of New Jersey.

6. For the reasons stated herein, the defendants should be served by substituted or constructive service of the summons and complaint by regular and certified mail.

I certify that the foregoing statements made by me are true. I am aware that if any of these statements are willfully false, I am subject to punishment.

By: _____
CHRISTOPHER BRUSCHI, ESQ.

Dated: October 13, 2010

### LAW OFFICE OF CHRISTOPHER BRUSCHI
1479 ROUTE 23 SOUTH, SUITE 207 - PO BOX 2097
WAYNE, NJ 07474-2097
OFFICE: 973-686-3900

October 13, 2010

Clerk, Special Civil Part
Bergen County Superior Court
10 Main Street
Hackensack, NJ 07601

    RE:  Janet Cole v. GE Money Bank and Zwicker & Associates, P.C.
    Docket #:  To Be Assigned
    File #:  100119

Dear Sir or Madam:

    I am enclosing an original and four copies of a Summons and Complaint for filing in the above matter, together with a Certification of Diligent Inquiry. As the Defendants reside out of state, kindly arrange for service to be effectuated upon the defendants by certified and regular mail.

    Enclosed is a check for the filing fee in the amount of $66.00.

    Thank you for your attention to the within.

Very truly yours,

Christopher Bruschi, Esq.
